**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JEREMY SAENZ, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| **v.** | ) ) | **Case No. CIV-14-593-D** |
| **1.  ERICK FLOWBACK SERVICES, LLC,** | ) ) ) | |
| **2.  MARK SNODGRASS,** | ) ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION TO DENY PLAINTIFF'S REQUEST FOR A COMPLETE CLASS LIST PRIOR TO CLASS CERTIFICATION AND BRIEF IN SUPPORT

Defendants Erick Flowback Services, LLC and Mark Snodgrass (collectively, "Defendants") file this motion and brief requesting that the Court deny Plaintiff's request for a complete list of all putative class members and their contact information. Defendants' position is simple: providing a complete class list prior to class certification, if any, is unnecessary, unduly burdensome, overly broad, and encourages unsupervised communications between Plaintiff's counsel and potential class members.

### Brief in Support

**I.      Plaintiff's Requests**

Plaintiff's request for a class list appears to stem from his Request for Production of Documents No. 1 and Interrogatory No. 1. They respectively state:

"For the period covering June 10, 2011 to the present, produce documents showing all known names, addresses, email addresses and phone numbers of current and former workers who were flow testers or flow hands, or working in a substantially similar capacity for Erick Flowback Services, LCC;"

and;

"Identify all hourly-paid, day rate, salaried, or piece rate compensated individuals who performed flow testing work or worked as flow hands (current and former) by name, address, phone number, email address, last four of social security number, position and dates of work with the Defendant that you classified or paid as independent contractors (or otherwise not as employees). Please include in your answer to this interrogatories whether such worker was paid through a corporate entity (i.e., a L.L.C. or corporation) under which that individual does business.

Defendants object to both requests because the information is unnecessary, premature, unduly burdensome, overly broad, and will encourage unsupervised communications between Plaintiff's counsel and potential plaintiffs.

## II.    Legal Authority and Argument

There is a split among district courts on whether a defendant must produce a class list prior to class certification. *Compare, e.g., Stokes v. Interline Brands Inc.*, 2013 WL 4081867, *3 (N.D. Cal. 2013) (requiring production of class list prior to certification), *and Justison v. McDonald's Corp.*, 2010 WL 2382604, *3 (D. Del. June 11, 2010) (same), *with Charles v. Nationwide Mut. Ins. Co., Inc.*, 2010 WL 7132173, *3–5 (E.D. N.Y. 2010) (denying production of class list prior to certification of FLSA collective action and Rule 23 class action), *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, *1 (E.D. N.Y. 2006) (denying pre-certification discovery of un-redacted employment contracts of putative plaintiffs, noting that "[c]ourts have ordinarily refused to allow discovery of

class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification"), *and Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695, 9 (M.D. Ala. 2003) (stating that discovery of the names and addresses of employees in an FLSA collective action is only appropriate after class certification).

This district appears to side with the minority of courts not requiring production of a complete class list until after class certification. *See, e.g., Lewis v. GEO Group, Inc.*, No. CIV-08-881-M, 2009 WL 3763821, *4 (W.D. Okla. Nov. 9, 2009) (directing defendant in FLSA collective action to produce relevant contact information of putative members *after* certifying the class). Further, In *Metzger v. American Fidelity Assurance Company*, No. CIV-05-1387-M, 2006 WL 3097178 (W.D. Okla. Oct. 31, 2006), a breach of contract and bad faith case, Judge Vicki Miles-LaGrange relied upon *Crawford v. Dothan City Board of Education*, 214 694, 695 (M.D. Ala. 2003) for the proposition that certain discovery may be premature before a collective action is certified. *Metzger*, 2006 WL 3097178, *3 ("[B]ecause no collective action has been conditionally certified, the Court finds that discovery regarding the requirements for class certification is premature....*Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) ('Where discovery sought in the absence of a conditionally certified collective action, ... such discovery has been denied.'"). Even under the plaintiff's individual claims, the court still denied the plaintiff's motion to compel the identity of similarly situated individuals because it was overly broad. *See id.* at *8-9. In short, at least one

3

court in this district has already cited—with approval—one of the oft-cited cases holding that a class list should not be produced at the pre-certification stage.

Moreover, a class list at this stage of the case is unnecessary under Tenth Circuit law. In an FLSA collective action case, this Court stated "the Tenth Circuit would not require a showing of additional plaintiffs as a pre-condition to 'notice stage' certification and that Plaintiff's substantial allegations of class-wide policies and practices in this case are sufficient." *Courtright v. Bd. of Cnty. Comm'rs of Payne Cnty. Okla.*, Okla., CIV-08-230-D, 2009 WL 1076778, *2 (W.D. Okla. Apr. 21, 2009). In other words, it is unnecessary for Plaintiff to have a complete class list at this stage because he does not need affidavits or consents from additional plaintiffs for conditional certification purposes.  In fact, Plaintiff has shown that a class list is currently unnecessary because he has already found at least one other individual to file a consent form to join the class. *See* [Doc. No. 25]. And, Plaintiff also can obtain evidence of any corporate policy regarding similarly situated individuals from Defendant's 30(b)(6) corporate witness. *See* Ex. 1, Pl.'s 30(b)(6) notice (designating individual that has knowledge, among other things, of "Defendant's policies and practices relating to classifying its workers as independent contractors versus employees.").

Simply put, Plaintiff puts the cart before the horse. He seeks information only properly obtainable during the second phase of notice and merits discovery.  As the Court may recall, Plaintiff initially opposed phased discovery in this case, and instead requested that merits-based discovery be allowed at the outset. But the Court rejected Plaintiff's request because the phased discovery approach works in this type of litigation and it also

is more efficient.  In short, Plaintiff already has enough discovery tools available to him to try to meet his burden for conditional class certification.  A class list is not necessary.

Giving Plaintiff a complete class list at this point also would lead to questions of whether improper communications occurred between Plaintiff's counsel and potential class members. As this Court has noted:

> [R]equiring Plaintiff to provide evidence that absent class members wish to join this lawsuit simply encourages unsupervised communications between Plaintiff or his counsel and other potential plaintiffs. This, in turn, creates a possibility that Defendants will later question whether improper communications have occurred or whether the opt-in process has been tainted by such communications….*The Court is reluctant to impose a requirement that would place Plaintiff's counsel in a potential position of contacting Defendants' employees about joining an action against their employer.*

*Courtright*, 2009 WL 1076778, *2 (emphasis added). The Court's reasoning in *Courtright* applies here.  Indeed, because Defendants consider Plaintiff to be an independent contractor, Defendants have less control (if any) over whom Plaintiff and his counsel  may communicate with, making it even more likely that questions of a tainted opt-in process may arise.  In sum, it is conceivable that unsupervised communications between Plaintiff and putative class members would include inaccurate and incomplete descriptions of the litigation and improper class solicitation.  If, however, Plaintiff and his counsel were to disclaim the need to communicate with persons on any ordered list, it would show the lack of need for such a list.  Either way, the Court should deny the request.

Finally, Plaintiff's requests are improper for two additional reasons. First, Plaintiff's Request for Production No. 1 forces *Defendants* to "decide" which individuals

they believe are, or may be, similarly situated to Plaintiff. Whether individuals are similarly situated to Plaintiff, however, is what Plaintiff must prove at the conditional certification stage. *See id.* at *1 ("a *plaintiff* need only show 'a 'reasonable basis' for his claim that there are other similarly situated employees.'") (emphasis added and internal citations omitted). Plaintiff cannot shift that burden onto the Defendant.  For example, Plaintiff no doubt would attach any list Defendants may provide to his motion for conditional certification as "evidence" of the existence of a putative class.

Second, Interrogatory No. 1 goes beyond simply asking for a list identifying possible class members' names and addresses. It also requires Defendant to include the "last four [digits] of social security number, position…dates of work…[and] whether such worker was paid through a corporate entity."  This information has no bearing on certification issues; rather, it goes purely to identification of potential class members and an initial computation of alleged damages. This interrogatory readily illustrates the improper nature of Plaintiff's request; it is intended to skirt the phased discovery protocol the Court already has ordered.

Further, from a practical standpoint, it already will be a costly and time-consuming task to gather the names, addresses, and emails address of possible class members. Demanding this type of additional information makes the request overly broad and burdensome.

## Conclusion

Defendants respectfully request that the Court deny Plaintiff's demand for a class list prior to conditional certification. Requiring such a list is unnecessary, unduly burdensome, overly broad, and may lead to questions of whether improper communications occurred.

Respectfully submitted,

*/s/ Philip R. Bruce*
Tony G. Puckett, OBA #1336
Sam R. Fulkerson, OBA #14370
Kristin M. Simpsen, OBA #22302
Philip R. Bruce, OBA #30504
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
tony.puckett@mcafeetaft.com
sam.fulkerson@mcafeetaft.com
kristin.simpsen@mcafeetaft.com
philip.bruce@mcafeetaft.com

**ATTORNEYS FOR THE DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I herby certify that on October 3, 2014, I served the foregoing via email to the following:

Galvin B. Kennedy
John Anthony Neuman
Kennedy Hodges LLP
711 W. Alabama St.
Houston, TX 77006
gkennedy@kennedyhodges.com
jneuman@kennedyhodges.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Philip R. Bruce*
Philip R. Bruce