IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JEREMY SAENZ, individually and on behalf )
of all others similarly situated, )
)
        Plaintiff, )
)
vs. )   Case No. CIV-14-593-D
)
ERICK FLOWBACK SERVICES LLC, and )
MARK SNODGRASS, )
)
        Defendants. )

**O R D E R**

This matter is before the Court for resolution of an issue raised by counsel at the initial scheduling conference held September 23, 2014. The issue is whether Defendant should be compelled to produce a list of putative class members and their contact information during the first phase of discovery, which is limited to the question of whether this case should be conditionally certified as a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. Upon review of the parties' briefs filed October 3, 2014,[1] the Court rules on the issue presented as follows.

The FLSA authorizes a collective action to recover unpaid minimum wages or overtime compensation in a proceeding brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *See* 29 U.S.C. § 216(b). The statute does

---

[1] The Court ordered the parties to file simultaneous briefs, limited to 10 pages, addressing this issue. Contrary to this clear directive, Plaintiff filed a Motion to Compel [Doc. No. 33], which does not comply with Fed. R. Civ. P. 37 or LCvR37.1, and Defendants filed a Motion to Deny Plaintiff's Request for a Complete Class List [Doc. No. 32], presumably seeking a protective order under Fed. R. Civ. P. 26(c), also without complying with the applicable rule or LCvR37.1. These motions are disregarded, and the parties' filings are treated as the briefs that the Court directed them to file.

not adopt the class action standards of Fed. R. Civ. P. 23 but employs an undefined "similarly situated" standard. *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Also, unlike Rule 23, the FLSA establishes an opt-in procedure that requires each individual employee within a defined class to file a written consent to join the action. *See* 29 U.S.C. § 219(b).

In *Thiessen*, the court of appeals approved a two-tiered, *ad hoc* case-by-case approach to making the determination of whether to certify a class, described as follows:

> In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." In doing so, a court "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated." During this "second stage" analysis, a court reviews several factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations . . . .

*Id*. at 1102-03 (citations omitted). Under this *ad hoc* approach, the factual showing needed to satisfy FLSA's "similarly situated" standard at the notice stage depends on the nature of the alleged wage violations in a particular case, and a plaintiff need only show "a 'reasonable basis' for his claim that there are other similarly situated employees." *See Morgan v. Family Dollar Stores, Inc*., 551 F.3d 1233, 1260 (11th Cir. 2008).

This case is proceeding toward the initial "notice stage" determination. The parties have agreed to limit the first phase "to the question of whether this case should be conditionally certified as a collective action." *See* Agreed Scheduling Order [Doc. No. 31], ¶ 2. For the Court to decide this question in Plaintiff's favor, Plaintiff simply needs to demonstrate a reasonable basis for finding a class of similarly situated employees.

It is unclear from the briefs exactly what list Plaintiff wishes to receive. The list described in his brief – "showing the identity and contact information of potential class members . . . as well as the dates those individuals worked for Defendants and the locations where they worked" – appears to be different from the one described in discovery requests issued to Defendants, as quoted in their brief. *See* Pl.'s Br. [Doc. No. 33] at 1; Defs.' Br. [Doc. No. 32] at 2. Here, however, the Court addresses only the broad proposition advanced by Plaintiff, which is, Defendants should be required to provide Plaintiff with a list of similarly situated persons at the outset of the case, before any determination has been made that the case should proceed (even conditionally) as a collective action.

Upon consideration, the Court is not persuaded that Defendants should be required to compile and provide the list sought by Plaintiff at this point in the litigation. The Complaint alleges that Plaintiff worked for Defendants as a flow tester at an hourly rate of pay and that he did not receive overtime compensation required by FLSA because Defendants wrongly classified him, and hundreds of other flow testers, as independent contractors. *See* Compl. [Doc. No. 1], ¶ 1. The Complaint defines the putative "FLSA Class Members," however, as "all current and former hourly-paid workers who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint." *See id*. ¶ 11. From this broad definition, it is unclear whether Plaintiff intends to limit the class to flow testers or to include other job positions as well. Placing the onus on Defendants to determine what individuals are similarly situated to Plaintiff based solely on the allegations of the Complaint would be premature and inappropriate. After the initial phase of discovery, Plaintiff will move for conditional certification and propose the class definition that he believes is warranted

under the facts regarding Defendant's business practices and policies. Once a class is defined, then the persons who are potential members can be determined. Notably, the Supreme Court held in *Hoffmann-LaRouche Inc. v. Sperling*, 493 U.S. 165, 170 (1989), that the district court correctly required the employer to produce an employee list <u>for the purpose of giving notice</u> to potential plaintiffs of the collective action brought on their behalf.

Further, requiring Defendants to identify potential class members before conditional certification is unnecessary. Plaintiff alleges that he worked for Defendants at multiple locations throughout 2013 and became familiar with Defendants' pay practices and their misclassification of other employees as independent contractors. The Complaint states that "Plaintiff has first-hand personal knowledge of the same pay violations throughout Defendants' operations at multiple geographical locations." *Id*. ¶ 29. Accepting these allegations as true, it appears that Plaintiff's knowledge combined with additional information obtained from Defendants through discovery will be sufficient to provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," as required by *Thiessen*. *See Thiessen*, 267 F.3d at 1103. As discussed *supra*, information regarding individual employees who may fall within the alleged class becomes important only after conditional certification, when potential class members are notified of a collective action and individual differences are considered. Should the Court conditionally certify a class of employees, then a list of individual class members will be relevant to a party's claim or defense and, thus, discoverable.

IT IS THEREFORE ORDERED that Defendants need not provide a list of potential class members to Plaintiff prior to the Court's determination whether conditional certification of a class of FLSA plaintiffs is appropriate.

IT IS SO ORDERED this 23rd day of October, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE