IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY SAENZ, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-14-593-D |
| ERICK FLOWBACK SERVICES LLC, and MARK SNODGRASS, | ) ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendants' Motion to Quash Subpoenas to Nonparties Chesapeake Energy Corporation, Rice Energy, Inc., and Consol Energy, Inc. [Doc. No. 54]. Defendants request either an order under Fed. R. Civ. P. 45(d)(3) quashing subpoenas issued by Plaintiff to Defendants' customers,[1] or a protective order under Fed. R. Civ. P. 26(c)(1). Plaintiff has timely opposed the Motion, which is fully briefed.

On January 28, 2015, the Court conditionally certified a class of workers on whose behalf Plaintiff seeks to bring a collective action for unpaid overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. On May 11, 2015, the Court resolved issues between the parties regarding the notice to be given, and at Plaintiff's request, the Court approved a 70-day opt-in period. The period for class members to consent to joining the action has not expired.

---

[1] Defendants mistakenly cite Rule 45(c)(3), which does not exist, but quote Rule 45(d)(3).

Following the initial scheduling conference in September 2014, the Court entered an Agreed Scheduling Order [Doc. No. 31] that expressly provided for discovery to "proceed in two phases with the first phase limited to the question of whether this case should be conditionally certified as a collective action." The order further provided that if a conditional certification were granted, "the Court will set a scheduling conference at the close of the opt-in period to establish deadlines to govern the case from that point forward." *See* Agreed Sched. Order [Doc. No. 31], ¶ 7. It was understood and intended by the Court that discovery concerning the merits of the asserted overtime wage claim would not commence until the second scheduling conference had been held.

Because the subpoenas issued by Plaintiff seek information going to the merits of his overtime wage claim, and because the opt-in period has not closed, the Court finds that Plaintiff's subpoenas were issued prematurely in violation of the Agreed Scheduling Order. The Court further finds that the discovery sought by Plaintiff's subpoenas should await a second scheduling conference so that a workable plan for orderly disposition of the remaining issues can be jointly discussed and determined. For this reason, and because the subpoenas seek proprietary and financial information that likely will require the entry of a protective order regarding disclosure to third parties, the Court declines Plaintiff's invitation to simply modify the subpoenas to require compliance 30 days after the opt-in period ends.

IT IS THEREFORE ORDERED that Defendants' Motion to Quash Subpoenas to Nonparties Chesapeake Energy Corporation, Rice Energy, Inc., and Consol Energy, Inc. [Doc. No. 54] is GRANTED.

IT IS SO ORDERED this 12th day of June, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE